IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DARRELL NEWCOMER § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| v. § | CIVIL ACTION NO.  2:10cv138 | |
| § | | |
| GENERAL SHELTERS OF TEXAS, LTD § | JUDGE | |
| and § | | |
| CENTER STAFFING SOLUTIONS, INC. § | | |
| and § | JURY DEMANDED | |
| EAST TEXAS STAFFING SOLUTIONS, § | | |
| INC. d/b/a § | | |
| FIRST CHOICE PERSONNEL SERVICES, § | | |
| INC. and § | | |
| CENTER STAFFING SOLUTIONS § | | |
| § | | |
| Defendants § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

NOW COMES Plaintiff, Darrell Newcomer, who for his Original Complaint states as follows:

**I.**

**Introduction**

1. Plaintiff Darrell Newcomer, who lost his job and was otherwise discriminated against because he suffers from Hepatitis C, commences this action pursuant to the *Americans with Disabilities* Act (ADA), 42 U.S.C. § 12101, *et seq.* which in relevant part prohibits discrimination based on disability or perceived disability.

2. Specifically, Plaintiff Newcomer was fired as a result of his Hepatitis C, even though he posed no danger to anyone's health while he was employed at General Shelters by way of Center Staffing Solutions.

3. Plaintiff Newcomer seeks back-pay, reinstatement or front pay, restoration of lost benefits, compensatory damages and statutory attorney fees as authorized by 42 U.S.C. § 12117 which provides in relevant part that ADA victims shall have the same remedies available to Title VII victims.

## II.

## Jurisdiction

4. Jurisdiction over Plaintiff Newcomer's ADA claim is conferred on this Court by 42 U.S.C. § 12117(a) which makes the federal court jurisdiction provided by 42 U.S.C. § 2000e-5(f)(3) applicable to ADA cases.

5. This Court additionally has federal question jurisdiction over Plaintiff Hamilton's ADA claim pursuant to 28 U.S.C. 1331.

## III.

## Parties

**Plaintiff**

6. Plaintiff Darrell Newcomer is and was a citizen of the United States and a resident of Shelby County, Texas at all times relevant hereto.

**Defendants**

7. Defendant General Shelters of Texas, Ltd. is a corporation duly licensed to do business in Texas. Defendant General Shelters of Texas may be served through its registered agent for service of process, James E. Campbell, 1639 State Hwy. 87 North, Center, TX 75935.

8. Defendant Center Staffing Solutions, Inc. is a Louisiana corporation doing business in Texas. Defendant Center Staffing Solutions may be served through its registered agent for service of process, Nathan Hendricks, 1129 Hurst St., Center, TX 75935. Defendant East Texas Staffing

Solutions, Inc. d/b/a First Choice Personnel Services, Inc. and d/b/a Center Staffing Solutions is a corporation doing business in the state of Texas which may be served through its registered agent for service of process, Lynda Millard, 3410 Chimney Rock, Nacogdoches, TX 75965. Collectively, these entities are referred to herein as Center Staffing Solutions.

## IV

## Procedural History

9. Plaintiff Newcomer timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Texas Commission on Human Rights. Plaintiff Hamilton received his right to sue letter on or about February 1, 2010 and has satisfied all other procedural prerequisites for filing suit.

## V.

## Statement of Facts

**General**

10. Plaintiff Newcomer was at all times relevant hereto an "employee" as that term is defined by 42 U.S.C. § 12111(4) and a "qualified individual with a disability" as that term is defined by 42 U.S.C. § 12111(8).

11. Defendants are and were at all times relevant hereto Plaintiff Newcomer's "employers" as that term is defined under the ADA. *See* 42 U.S.C. § 12111(5)(A).

12. Defendants engaged in industry affecting commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks during the current and preceding calendar years.

**What Happened**

13.    Plaintiff Newcomer is a fifty-two (52) year old male who suffers from Hepatitis C.

14.    Plaintiff Newcomer worked at General Shelters through Center Staffing Solutions until early July, 2008.  Both General Shelters and Center Staffing Solutions exercised control over Plaintiff Newcomer and served as Plaintiff Newcomer's employer.

15.    Plaintiff Newcomer was fired after he cut his arm, and it came up that he had Hepatitis C.

16.    Plaintiff Newcomer was initially told not to come back until his arm healed.  Subsequently, he was told that Defendants did not want him back because of his Hepatitis C.

17.    Plaintiff Newcomer in no way posed a danger to anyone's health while he was employed by Defendant General Shelters and Center Staffing Solutions.

18.    Defendants terminated Plaintiff Newcomer because of his disability of Hepatitis C or, alternatively, because they perceived Plaintiff Newcomer as having a disability which they considered to be a threat to others.  Alternatively, Defendants terminated Plaintiff Newcomer because he had a record of a disability.

19.    Simply put, Defendants terminated Plaintiff Newcomer because they perceived him to have a disability which they considered to be a liability to the company.

20.    All of the employment discrimination set out above was and is knowing and intentional.

21.    Defendants' acts and omissions as set out above are a proximate cause of Plaintiff Newcomer's damages including lost wages, lost benefits, mental pain and anguish, emotional distress, humiliation and embarrassment.  All of the foregoing damages and losses are continuing in nature.

22. Defendants' acts and omissions as set out above were willful, wanton, reckless, intentional and malicious rendering appropriate the award of punitive damages.

## VI.

## Cause of Action

23. Defendants' acts and omissions as set out above amount to intentional violations of the ADA. Therefore, Plaintiff Newcomer is entitled to equitable relief (including back pay and front pay with benefits), compensatory damages, punitive damages, and a reasonable attorney fee as authorized by the ADA.

## VII.

## Prayer for Relief

24. WHEREFORE, Plaintiff Newcomer prays that this Honorable Court:

(a) Enter declaratory judgment against Defendants and in favor of Plaintiff Newcomer recognizing that Defendants violated Plaintiff Newcomer's rights guaranteed by the ADA.

(b) Enter judgment against Defendants and in favor of Plaintiff Newcomer for full compensatory damages;

(c) Enter judgment against Defendants and in favor of Plaintiff Newcomer for equitable relief, including back pay, reinstatement, and/or front pay, including fringe benefits;

(d) Enter judgment against Defendants and in favor of Plaintiff Newcomer for punitive damages in an amount sufficient to deter Defendants and others from committing similar misconduct in the future as authorized by the ADA;

(e) Grant Plaintiff Newcomer any and all additional relief to which he appears to be entitled, including a reasonable attorney fee, costs herein expended, pre-judgment interest, and post-judgment interest as provided by law.

        Respectfully Submitted,

        */s/ Alex A. Castetter*
        Alex A. Castetter
        Attorney for Plaintiff Newcomer
        Bar Card No. 00783808

        Stuckey, Garrigan & Castetter
        Law Offices
        2803 C North Street
        P.O. Box 631902
        Nacogdoches, Texas 75963-1902
        (936) 560-6020 / Fax: 560-9578
        Alex@sgclaw.org